**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DENNIS BROWN,** *Plaintiff* | § § § | |
| | § | **Civil Action No.:  3:19-cv-1537** |
| **v.** | § | |
| | § | **Complaint for Accommodation** |
| | § | |
| **ALSEY REALTY LP and THE BRAUMAN GROUP, LLC,** *Defendants* | § § § § | **Discrimination Under the A.D.A.** |
| | | **JURY TRIAL** |

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

1.      Plaintiff, Dennis Brown, brings this action pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*  This Complaint seeks redress for past and continuing discrimination against persons with disabilities and to bring the premises into compliance with Federal law including the ADAAG[1].  This discrimination is occurring at a public accommodation in Addison, Texas that is a commercial property on Lindbergh Drive. There is a La Spiga's Bakery & Café located on it. Plaintiff brings this civil rights claim against the Defendants because Plaintiff by reason of his disability, is being excluded from participation in or being denied the benefits of the services, programs, or activities of and being subjected to discrimination by the Defendants at this property and its public accommodations.

2.      Plaintiff seeks to enjoin the Defendants from maintaining and to require that the Defendants remove the architectural barriers that interfere with Plaintiff's right to the full and

---

[1] Federal ADA Guidelines for Buildings and Facilities, 28 C.F.R. Part 36, Appendix A, (the "ADAAG").

equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at the property.

3.      Plaintiff also seeks a permanent injunction to prevent the Defendants from engaging in these unlawful practices, as well as declaratory relief, and attorney's fees and costs of litigation.

## JURISDICTION

4.      This Court has jurisdiction over the federal claims brought in this action under 28 U.S.C. §1331 and 42 U.S.C. §12188.

## PARTIES

5.      Plaintiff Dennis Brown is an individual with a disability within the meaning of the ADA Sec. 3(2)(A), 42 U.S.C. 12102(2)(A).   He is mobility impaired and uses a wheelchair for mobility.

6.      Defendant ALSEY REALTY, LP is a Texas limited liability partnership doing business in Texas.     Defendant ALSEY REALTY, LP owns the real property in this case.   ALSEY REALTY, LP lists its agent for service of process as Evan Brauman Fetter located at 12900 Preston Road, Suite 615, Dallas, Texas 75230.

7.      Defendant THE BRAUMAN GROUP, LLC a Texas limited liability company doing business in Texas and is the general partner of ALSEY REALTY, LP.     THE BRAUMAN GROUP, LLC lists its agent for service of process as the same Evan Brauman Fetter located at 12900 Preston Road, Suite 615, Dallas, Texas 75230. ALSEY REALTY, LP. And THE BRAUMAN GROUP, LLC are collectively referred to herein going forward as "Defendant" or "Landlord".

8.      The Property is a commercial property located generally on Lindbergh Drive in Addison,

Texas. The Property is more particularly described in Dallas County records as ADDISON

AIRPORT INDUSTRIAL DIST, BLK C LOT 11 & 30FT LOT 12 .955 ACS.  It has a value of

approximately $700,000.00 in Dallas County records. The Defendant purchased the Property

approximately 19 years ago.

## BACKGROUND OF LEGAL CLAIMS

9.      More than 25 years ago Congress determined that disabled people, such as the Plaintiff

and the Proposed Class, were suffering discrimination.  Specifically, Congress found *inter alia*

the following:

> (a)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;
>
> (b)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities;
>
> (c)    the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals; and
>
> (d)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity."[2]

---

[2] 42 U.S.C. 12101(a) Only portions are set out in full so lettering does not match statute.

10.     As a result of these findings, the Congress passed the Americans with Disabilities Act (the "ADA"), 42 U.S.C. Sec. 12101 *et seq*.  That act forms the basis for this action.  The ADA was designed to do several things, specifically among other things:

     (a)    to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

     (b)    to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

     (c)    to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and

     (d)    to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities."[3]

11.     As a result of Plaintiff's disability, using many public accommodations is already difficult even when architectural barriers have been removed.  By failing to comply with the law and by owning or operating non-complying public accommodation, the Defendant continues the discriminatory effects that the laws sought to reform.

12.     Under the ADA, both the landlord who owns the building and the tenants who own or operate the places of public accommodation are liable for the violations of the ADA alleged herein.  As between those parties, allocation of responsibility for complying with the obligations of the ADA may be determined by lease or other contract.  36 C.F.R. 201 (b).

13.     Congress provided that the primary enforcement mechanism for the ADA would be private citizens. Thus, private citizens have been given the right to file suit to enforce these civil

---

[3] 42 U.S.C. 12101(b).

rights laws to assure access to the public accommodations in Texas. There are simply too many pieces of property for the government agencies to single handedly bring into compliance.

14.     The Property is completely under the control of the Defendant. The Plaintiff has no control of the Property or the fact that he is disabled. The existence and requirements of more than 25 year old laws can come as no surprise to any entity owning or operating commercial property.

15.     Pre-suit notice is ***not*** required under the ADA. Counsel for the Plaintiff did, however, send a letter more than 6 months ago informing the Defendant of the access issues and as of the filing of this suit the Property still has a set of stairs to get into it.

16.     At any time prior to receiving the letter and Complaint from the Plaintiff the Defendant could have modified the Property to come into compliance with the more than 25 year old laws and avoided this suit. But the Defendant did not. What the Defendant chose to do instead was to buy, own and operate Property in direct violation of Federal law and to thereby discriminate against the Plaintiff.

17.     Plaintiff is now exercising his right granted by Congress to enforce the laws to stop the discrimination.

## **FACTS**

18.     The Property is commercial property with a public accommodation, a bakery and cafe, located on it. The restaurant is accessed from the parking. Plaintiff uses a wheelchair for mobility. Mr. Brown lives about 15 minutes from the Property. Mr. Brown pulled in to the Property to try a baked good. When he found a set of stairs, he then pulled around to see if there

was an entrance "in the back" as well.  There was not. There are stairs to get into the restaurant.

The entrance is pictured below.



19.     The parking is also visible in the above picture.  There is no accessible parking provided

at the Property.  Even if Mr. Brown could get into the restaurant the restroom is not accessible.

It has been modified and the modifications are not accessible.

20.     So what we have in this case is a piece of Property with a bakery/restaurant on it

that doesn't have accessible parking, or an accessible men's room and there are literally a

set of steps to get into the location. The Property was purchased almost 20 years ago.

21.     Mr. Brown, like any disabled person, has encountered these types of barriers countless

times over the years.  The Property has a value of approximately seven hundred thousand dollars,

yet the owners of this Property have not bothered to provide access into it.  So long as Property like this fails to provide access, the law is thwarted.

22.     The law does not require that any plaintiff engage in a futile act to continue to try and patronize businesses so blatantly in violation of the laws designed to allow Mr. Brown to access the facility just like the able bodied.

23.     The Defendant has chosen to own and operate this Property without bringing it into compliance during that entire time. The undeniable reality is that more than 25 years after the ADA was passed this Property is operating with open and obvious barriers to the disabled public and nothing at all will be done about it until, as here, the Plaintiff has hired a lawyer and filed a lawsuit.

24.     After discovery when a full review has been conducted, a complete list of the barriers at the Property will be provided to the Defendant.  The listing in this Complaint is merely intended to provide the Defendant with information sufficient to conform to the notice pleading requirements and to show facts sufficient to prove liability.

25.     The types of architectural barriers that exist at the Property are precisely what the ADA was designed to eliminate.  The Plaintiff was discriminated against when he attempted to visit the Property when he encountered the architectural barriers at the Property. The Plaintiff would like to be able to visit the Property and would return to the Property if it were made compliant so that he could park and get in and use the business like an able bodied person can.

26.     The Plaintiff will encounter architectural barriers any time he attempts to visit the Property. The Defendant by failing to remove the architectural barriers discourages the Plaintiff from attempting to use the Property and from enjoying the Property in the same way that the able

bodied can.  By failing to remove the barriers when removal was readily achievable the Defendant discriminates against the Plaintiff and the mobility impaired individuals who would like to visit the Property.

27.    As a result of the Defendant's conduct and in order to pursue this matter Plaintiff has retained counsel with 30 years of experience, including having been appointed class counsel on several occasions to represent mobility impaired individuals of Texas.  The Plaintiff has agreed to pay his attorney a reasonable fee.  Pursuant to his statutory rights, Plaintiff will seek to recover his fees and any costs in this litigation from the Defendant if he is the prevailing party in this case.

28.    It has now been more than 25 years since passage of the ADA and voluntary compliance has simply not occurred as expected because new construction and modifications are regularly not made in compliance, owners have not voluntarily made readily achievable modifications as the law requires, and, so long as this situation exists and  so long as property is purchased and or operated without regard to compliance, compliance will never be achieved.  When non-compliant modifications are built into a property and when property is purchased without regard to compliance a significant purpose of the law is thwarted because this prevents gradual compliance.

29.    For more than 18 years now counsel for the Plaintiff has represented disabled individuals on ADA Title III barrier cases. During that time it has become abundantly clear that ADA Title III cases are considered nothing but a nuisance by the vast majority of commercial property owners and the public.  Thus the only "damages" an owner faces in an individual ADA case, above and beyond the costs to "fix", are the potential attorney's fees.  So property owners are

just not concerned about getting caught out of compliance because there is no real consequence. Even in the rare occasion where an owner is caught and sued, the downside amounts to nothing more than doing <u>what they should have already done years ago and possibly paying a "nuisance" attorney fee in addition to resolve the case.</u> [4]  In other words, it's just the cost of doing business if you're caught.

30.     As a result of this situation, commercial property owners have not been motivated over the past 25 years to come into compliance or to be sure whatever modifications they do make are made in compliance, or to make sure that when they buy property that it is compliant and/or that modifications are or <u>were made</u> in compliance.  A quick drive around the Metroplex to view the general state of compliance in older properties, newer properties, and in the modifications that have been made to both types of properties is enough to show any objective person that the laws are almost universally ignored, misunderstood, or given nothing but lip service.  The objective state of compliance that exists, now 25 years later, is strong evidence that the purpose of both the federal and State laws has been <u>substantially thwarted</u>.

31.     The Property involved in this case is a perfect example. It is a typical piece of commercial property for the area.  It has been owned by the same entity for nearly 20 years.  And despite that, the Defendant fails to meet even the most basic access requirements. <u>There is a set of stairs to get in to the Property.</u>

---

[4] Further, the court is well aware that ADA Title III cases are regularly referred to as "drive by litigation" and the people bringing the cases along with their counsel are subtly smeared as somehow unscrupulous.  This situation tends to further decrease compliance. Additionally, this kind of "press" seriously dissuades disabled individuals from raising issues of discrimination lest they be cast as "litigious trouble makers".  This situation in turn prevents any real awareness of how widespread the noncompliance and discrimination still actually is.  The plaintiff and counsel stand ready to prove all of the allegations contained herein.

*PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL*
**Page 9 of 17**

32.     Any attempt to come into compliance with the ADA begins with having the Property assessed.  And any basic ADA inspection would turn up the existence of the types of barriers that have been shown in this Complaint. Any reasonable due diligence regarding ADA compliance would have found the problems. There has been no attempt to comply with the readily achievable standard under the ADA.

33.      Either the Defendant has never bothered to have the Property inspected for compliance or the Defendant has ignored any findings of such an inspection.  Either such set of facts shows without a doubt that the Defendant has not complied with the law to modify its policy, practices and procedures to prevent discrimination at property it owns. Nothing will change until suit is filed. It cannot be any clearer, there is no concern about being caught out of compliance.  It has been 25 years. Enough is enough. Property owners need to follow the law and comply.

## CAUSES OF ACTION
### Count 1
### ADA - Failure to Accommodate When Removal was Readily Achievable

34.     The law states that "[n]o individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation *by any person who owns, leases (or leases to), or operates a place of public accommodation"*. 42 U.S.C. §12182(a) (italics added). The Property is a public accommodation.

35.     A facility means all *or any portion of buildings*, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or

personal property, including the site where the building, property, structure, or equipment is located. 28 C.F.R. part 36.104 Definitions (italics added).

36.     The ADA places an ongoing obligation on all public accommodations to remove architectural barriers from existing facilities and public accommodations if that removal is readily achievable by defining discrimination in part as, a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities. 42 U.S.C. §12182(a)(iv).

37.     Readily achievable means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable factors to be considered include:

> (1)     The nature and cost of the action needed under this part;
>
> (2)     The overall financial resources of the site or sites involved in the action; the number of persons employed at the site; the effect on expenses and resources; legitimate safety requirements that are necessary for safe operation, including crime prevention measures; or the impact otherwise of the action upon the operation of the site; 28 C.F.R. part 36.104 Definitions

38.     The Justice Department has set out the priorities for barrier removal.  Specifically, the Justice Department has determined as follows:

> (c) *Priorities*. A public accommodation is urged to take measures to comply with the barrier removal requirements of this section in accordance with the following order of priorities.
>
> > (1) First, a public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation. These measures include, for example, installing an entrance ramp, widening entrances, and providing accessible parking spaces.  28 C.F.R. part 36.304(c) (emphasis added)

*PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL*
**Page 11 of 17**

39.     The Property in this case is worth approximately seven hundred thousand dollars ($700,000.00), yet it does not have any accessible parking and there are stairs to get to the front door. Stairs.  More than 25 years after this law went into effect this Property is operating with the exact same types of barriers that would have had existed before the law was passed and which the law was intended to remove.  The Defendant has failed to remove the barriers that are the most basic priority in order to provide access to the facility.

40.     The Defendant, like the owners or operators of all public accommodations, has known or should have known about the obligation to make alterations to provide access into the Property. It has been readily achievable for the Defendant to have removed some, one, or more of the architectural barriers that exist at the Property.  The Defendant has failed to remove some, one, or more of the architectural barriers at the Property that were readily achievable to remove.

41.     When a piece of commercial property still has stairs to get to the front door, it is clear that the law is simply ignored.  If the law does not require  proper accessible parking and an accessible route to the front door of a $700,000.00 piece of property after 25 years, then it is difficult to see what access the law requires at all.

42.     The Defendant discriminates against Plaintiff on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the Property in that the Defendant does not afford to Plaintiff the full and equal use and or enjoyment of or access to the goods, services, facilities, privileges, advantages, and accommodations available at the Property as required by law because the Defendant has failed to remove those barriers where the removal was readily achievable.

43.     As a direct and proximate result of the Defendant's failure to remove barriers when removal was readily achievable the Defendant has discriminated against the Plaintiff.

**Count 2**
**ADA - Improper Alterations**

The ADA in section 12183 defines a form of discrimination under section 12182 as:

> (2) with respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General).

44.     Additionally, 36 C.F.R. 406 provides that, "(a) New construction and alterations subject to this part shall comply with the standards for accessible design published as appendix A to this part (ADAAG)." (emphasis added) As such the law requires that alterations be built in compliance with the ADAAG new construction standards.

45.     Clearly a compliant restroom "affect[s] or could affect the usability of the building or facility or any part thereof." The restroom has fixtures that are "new" under the law. They do not comply. The restroom is not compliant. When you modify the Property the modifications must be made in compliance with the ADAAG. These modifications were not. It matters not whether the Property had the modification when the Defendant purchased the Property, or

whether the Defendant added the improper modification itself, the Defendant is responsible for owning and operating a public accommodation with non compliant modifications.

46.     Further, the practical reality is that Plaintiff cannot know, until discovery is conducted, exactly which other modifications are "new" and which are not because the law is now 25 years old. Neither a Plaintiff nor its counsel is free to do a full inspection of a property before filing suit. And when a Defendant allows conditions to exist at the Property which prevent a disabled person from even getting into the business, the Defendant is not then allowed to claim a defense that the discriminated person could not tell them what barriers exist beyond the stairs. The items set out in this Complaint show modifications that are clear violations for liability. The pleading contained herein is made simply to put the Defendant on notice as required under the rules as to open and obvious modifications which do not comply.

47.     When modifications affecting the usability of the Property are designed and constructed after the requirements of the ADA went into effect the modifications must comply with the ADAAG for new construction.

48.     The Defendant discriminates against Plaintiff on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the Property in that, the Defendant does not afford to Plaintiff the full and equal use and or enjoyment of or access to the goods, services, facilities, privileges, advantages, and accommodations available at the Property as required by law because it owns and operates a facility and public accommodation where there are alterations or modifications made after January 26, 1992 that are not accessible to the maximum extent feasible.

49.    As a direct and proximate result of the Defendant owning a public accommodation that has modifications that have not been made in compliance with the law the Defendant has discriminated against the Plaintiff.

## Count 3
### Failure to Implement Policies, Practices and Procedures to
### Prevent Discrimination under the ADA

50.    The Property has several open and obvious architectural barriers including those listed in the facts section of this Complaint.  Any attempt to do the most basic due diligence regarding ADA compliance would discover the barriers.  Further, buying, owning and operating a piece of Property with a set of stairs to even get into the Property is clear evidence that there is no policy, practice and procedure in place to avoid discrimination at the Property.

51.    One form of discrimination defined by the ADA in 42 U.S.C. §12182(a)(ii) is,

> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

52.    Either the Defendant did not do any due diligence to find out if the Property was compliant before purchasing it or since then, or it has ignored the findings of any such due diligence.  Either the Defendant has policies and procedures in place to be sure the property it owns and operates is compliant or it does not. If it has policies, practices and procedures, then those policies discriminate against the disabled because the barriers demonstrated in this case are open and obvious.

53.     The Defendant discriminates against Plaintiff on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the Property in that, the Defendant does not afford to Plaintiff the full and equal use and or enjoyment of or access to the goods, services, facilities, privileges, advantages, and accommodations available at the Property as required by law because the Defendant has failed to make reasonable modifications to its policies, practices and procedures to afford such goods, services, facilities, privileges, advantages, or accommodations it offers to individuals with disabilities.

54.     As a direct and proximate result of the Defendant's failure to modify its policies practices and procedures the Defendant has discriminated against the Plaintiff.

### REQUEST FOR RELIEF

*Wherefore* Plaintiff respectfully requests that the Court grant the following relief:

55.     An order directing Defendant to bring any modifications that are new construction at the Property into full compliance with Federal law.

56.     An order to remove the architectural barriers that are readily achievable to remove and to provide an accessible route into the Property.

57.     An award to Plaintiff for attorney's fees, including litigation expenses, and costs.

58.     An award to Plaintiff for all other relief at law and in equity for which the Court deems appropriate.

Respectfully submitted June 26, 2019, by,

/s/ Palmer D. Bailey

*PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL*
**Page 16 of 17**

Mr. Palmer D. Bailey
Bar Card No. 01533400
Law Office of Palmer Bailey
1400 Preston Road, Suite 400
Plano, TX 75093
Tel. 972.560.4095
Fax. 972.560.4096
pdbaileyesq@gmail.com

**Attorney for Plaintiff and the Proposed Class**

*Plaintiff demands a trial by jury.*